BROWN & HALEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 31521. Promulgated December 17, 1930.

*W. C. Broenkow, Esq.*, for the petitioner.
*Arthur H. Murray, Esq.*, for the respondent.

OPINION.

LANSDON: The petitioner, a small corporation engaged in the manufacture of candy, defends itself against the determination of the respondent on the theory that it was entitled to deduct the amount of $30,000 annually from its income for the years 1921, 1922, and 1923, on account of liabilities incurred for two officers' salaries. Such salaries were authorized by appropriate corporate action and were paid in part in cash. The petitioner was on an accrual basis and, upon proof of reasonableness, is entitled to include the unpaid

amount of salaries as deductions from income in the several years here involved.

The courts and this Board have held that in all controversies over the allowance of salaries as deductions from gross income as ordinary and necessary expenses the taxpayer must show that the amounts claimed are necessary expenses, that they represent salaries only, and that they are reasonable compensation for services rendered. *Model Dairy Inc.*, 13 B. T. A. 545; *Model Dairy Co.* v. *Commissioner*, 36 Fed. (2d) 768; *Botany Worsted Mills* v. *United States*, 278 U. S. 282. In the instant proceeding there are only two stockholders to be considered and each owns the same stock interest. The salaries authorized for each are the same. Apparently it is not material to either officer whether the earnings of the petitioner are distributed as dividends or salaries, except as to the matter of income-tax liability. In such circumstances we have held that the salaries should be carefully scrutinized to determine whether the amounts thereof are a reasonable compensation for services rendered or excessive, and, in effect, a distribution of profits. *McMillan Metal Co.*, 2 B. T. A. 797. In determining the reasonableness of salaries the Board has considered duties discharged, responsibilities assumed, volume of business handled, capital employed, gross income, and net income.

The petitioner has offered no proof that the salaries claimed are reasonable. In its brief it contends that reasonableness is not in issue, since it was not pleaded by the respondent. From the cases cited above, it is obvious that the question of reasonableness is inherent in all controversies over salary deductions. No proof having been offered that the amounts claimed as salaries are reasonable compensation for services rendered in the several years involved, we must hold that the petitioner has failed to sustain the burden of proof necessary to overcome the presumption that the determination of the Commissioner is correct. Having reached this conclusion, it is not necessary to discuss the other issues raised and argued by the petitioner.

*Decision will be entered for the respondent.*