FIFTEENTH AND CHESTNUT REALTY COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 68366, 72611. Promulgated February 6, 1934.

*Joseph A. Lamorelle, Esq.,* for the petitioner.
*Percy S. Crewe, Esq.,* and *Raymond A. McMillan, Esq.,* for the respondent.

OPINION.

STERNHAGEN : We are of opinion that the payments made by petitioner to the estate of its deceased officer were not " salaries or other compensation for personal services actually rendered," nor were they in any other respect " ordinary and necessary expenses paid or

incurred during the taxable year in carrying on any trade or business," section 23 (a), Revenue Act 1928. The estate as such could render no " personal services " as an officer or director of the corporation; but, more important, the evidence here shows none. Irwin was performing some service for the corporation and was at the same time an executor of the estate, but we find it impossible to say that the estate was performing the service. See *Warren Steam Pump Co.*, 13 B.T.A. 721; *Greene & Greene*, 11 B.T.A. 643; *Desmond's Inc.*, 15 B.T.A. 738. The fact that Clement and Saul, the two shareholders, agreed with each other that their estates should draw the stated amount from the corporation after their deaths cannot fix an obligation upon the corporation or determine the character or deductibility under the revenue act of the payment when made. This would be clear if there had been other shareholders; and the fact that there were no others gives strong support to the view that this was a method of distributing corporate earnings in the guise of salaries. *Botany Worsted Mills* v. *United States*, 278 U.S. 282; *Gould-Mersereau Co.*, 21 B.T.A. 1316.

If however, the $22,500 should be regarded as compensation for Irwin's services, the evidence of the nature and extent of such services still fails to show that such amount was no more than a reasonable allowance therefor. It shows, in our opinion, that it was more than reasonable for what Irwin did for the corporation. Recognizing as we do the right of a corporation to exercise a flexible judgment in such matters, *United States* v. *Philadelphia Knitting Mills*, 273 Fed. 657, we must also recognize the Commissioner's function and duty to confine such deductions within the limits of reasonable compensation for services actually rendered. And this question is always present when the deduction is at issue. *Botany Worsted Mills* v. *United States, supra; Model Dairy*, 13 B.T.A. 545; 36 Fed. (2d) 768; *Brown & Haley*, 21 B.T.A. 752; *Gould-Mersereau Co., supra*.

If the deductibility of this payment be judged not by the law applicable to salaries, but as a more general expense, it seems to us to be neither ordinary nor necessary as those statutory terms have been considered by the Supreme Court in its most recent opinion on the subject, *Welch* v. *Helvering*, 290 U.S. 111.

The payment is one of those nondescripts which are not within the deductions provided by statute, cf. *Commissioner* v. *Marshall Field*, 42 Fed. (2d) 820; *Brown* v. *Helvering*, 291 U.S. 193.

*Judgment will be entered for the respondent.*